**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOHNSON ELECTRIC NORTH AMERICA, INC., | * CASE NO. 3:19-cv-00146-TMR |
| | * **JUDGE THOMAS M. ROSE** |
| Plaintiff/Counter-Defendant | * |
| v | * |
| | * |
| HONEYWELL INTERNATIONAL, INC., | * |
| | * |
| Defendant/Counter-Plaintiff. | * |
| | * |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure Rule 26(c), Plaintiff Johnson Electric North America, Inc. and Defendant Honeywell International Inc. (each a "Party" and, collectively, the "Parties") hereby stipulate to the entry of this Protective Order.  The Parties have agreed that it will be necessary in the course of discovery to obtain and/or produce documents and information deemed to be confidential and that public disclosure of such documents or information would, or likely could, cause harm to the producing Party and/or to third parties.  In order to facilitate the production of such documents and information, yet protect such confidences, the Parties have agreed that documents and information designated as "Confidential" or "Attorneys' Eyes Only" shall be kept confidential, used only for purposes of prosecuting or defending this action, and disclosed only to certain designated persons, as set forth below.

The Court, being sufficiently advised, and with the agreement of the Parties, hereby ORDERS as follows:

1. In connection with any and all discovery in this action, any Party or third-party may, in good faith and as defined below, designate any document, information, or testimony produced or disclosed by it as "Confidential" or "Attorneys' Eyes Only" Information under the terms of this Protective Order.

2. Documents, information and testimony which may be designated as "CONFIDENTIAL" are documents and materials containing confidential business information, including trade secrets or commercial or financial information which may be entitled to confidential treatment. The scope of discovery will also encompass the production of documents, materials or oral testimony which may contain certain proprietary, confidential, or sensitive information that is legally protected and that is not and should not be generally available to the public. Any such documents, materials and information disclosed or produced herein may also be designated as "CONFIDENTIAL." Documents, information and testimony marked as "CONFIDENTIAL" are referred to as "Confidential Information."

3. The Parties acknowledge that there may be documents, information and testimony for which a higher level of protection is required; such documents, information and testimony may be designated as "ATTORNEYS' EYES ONLY." Any party, or any third party subpoenaed by one of the parties, may designate as ATTORNEYS' EYES ONLY any materials or information that meet the test set forth in Paragraph 2, but as to which the producing party also asserts in good faith that the information is so competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the producing party. Documents, information and testimony marked as "ATTORNEYS' EYES ONLY" are referred to as "Attorneys' Eyes Only Information."

4. A Party or third-party may designate any document, information or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY if that party in good faith believes that the document, information, or testimony contains confidential, sensitive, personal, competitive, commercial, financial, or proprietary business information or trade secrets that are not generally available to the public. This Protective Order does not obligate a Party or third-party to designate as

CONFIDENTIAL or ATTORNEYS' EYES ONLY any potentially Confidential Information or Attorneys' Eyes Only Information belonging to another Party or third-party or entity or to designate any information as CONFIDENTIAL or ATTORNEYS' EYES ONLY for the benefit of another Party, third-party or entity.  However, if the Party or third-party to whom the confidential information belongs wishes to have the document or information marked CONFIDENTIAL or ATTORNEYS' EYES ONLY, it may do so by written letter to the producing Party or party within thirty (30) days of receiving the document, or thereafter if within a reasonable time under the circumstances, such as with a voluminous production.

5. Designation of documents or other physical information as CONFIDENTIAL or ATTORNEYS' EYES ONLY may be made by stamping or otherwise marking the documents or other physical information prior to filing or production as follows: "CONFIDENTIAL." or "ATTORNEYS' EYES ONLY."  Such marking shall, where reasonably practicable, occur on every page that is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  A producing Party or non-party may designate any other protected material by informing the receiving Party of the designation in writing at or before the time of production or inspection. The marking may be done in lower case or all capitalized letters, such as CONFIDENTIAL or ATTORNEYS' EYES ONLY, with all capitalized letters being preferred for distinction.

6. If Confidential Information or Attorneys' Eyes Only Information is the subject of any deposition testimony or is attached to or otherwise included with a deposition transcript, a Party or third-party may indicate on the record that a question calls for Confidential Information, or Attorneys' Eyes Only Information, in which case the transcript of the question and answer shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the court reporter. Alternatively, a Party or third-party may designate information disclosed at the deposition as

Confidential Information or Attorneys' Eyes Only Information by notifying the other Party or Parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated CONFIDENTIAL, or thereafter if within a reasonable time under the circumstances and as agreed by the Parties, such as with when a number of depositions may be taken close in time.

7. Any summaries or notes or similar derivations or compilations prepared from any document marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are subject to the provisions of this Protective Order.

8. None of the Parties to this Protective Order shall be obligated to challenge the propriety of the confidential nature of any document, answer to interrogatory, or other information, and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such document or answer to interrogatory or the information contained thereon to persons not referred to in this Protective Order, or from otherwise seeking to modify the provisions of this Protective Order.

9. Entry of this Protective Order and compliance with its terms does not constitute an admission that any document does in fact contain a trade secret, proprietary data, or other confidential information. Any Party may challenge the designation of any document as CONFIDENTIAL or ATTORNEYS' EYES ONLY by first conferring with counsel for the producing Party or third-party. If an informal agreement cannot be reached concerning the designation of the document as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the challenging Party may, by motion, and with notice to counsel for the other Party, seek a judicial determination from the court then presiding over this case regarding the designation of any

document or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order.

10. Pursuant to Fed. R. Evid. 502, there is no waiver of privilege or work-product in this matter or any other matter in any other jurisdiction for the inadvertent or unintentional production of documents or information containing information which should have been designated as privileged if the producing Party or third-party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error. The producing Party or third-party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that Party or third-party utilized attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools or other reasonable means in screening for privilege, work product or other protection. The producing Party or third-party shall be deemed to have taken reasonable steps to rectify the error if, within thirty (30) days of discovery, the producing Party or third-party notifies the receiving Party of the inadvertent disclosure and instructs the receiving Party to promptly return all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such notice, the receiving Party shall return all copies of such information to the producing Party or third-party within seven (7) business days of such request unless the receiving Party intends to challenge the producing Party's or third-party's assertion of privilege or immunity. If a receiving Party objects to the return of such information within the seven (7) business day period described above, the producing Party or third-party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may retain the inadvertently or unintentionally produced documents in a sealed

envelope (if document is produced in physical form) and shall not make any use of such information.

11. Inadvertent or unintentional production of documents or information which should have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be deemed a waiver in whole or in part of the Party's or third-party's claims of confidentiality. If a Party or third-party has inadvertently or unintentionally produced information which should have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the producing Party or third-party shall notify the receiving Party within twenty-one (21) days of discovery of the inadvertent production and request that the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation be applied to such documents or information. If a receiving Party objects to the producing Party's or third-party's CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, it shall notify the producing Party or third-party of its objections in writing within seven (7) business days of receipt of the notification described above. Within seven (7) business days, the producing Party or third-party may then contact the court to arrange for a telephonic conference and/or move the court for an order compelling the protection of such information. Pending the court's ruling, the receiving Party agrees to maintain the documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order.

12. Except with the prior written consent of the producing Party or third-party or upon prior order of this court obtained after sufficient notice to all counsel, or as provided in Paragraph 10 of this Protective Order, Confidential Information may be disclosed or made available only to the following individuals and to the extent necessary for the purpose of assisting in the prosecution or defense of this litigation:

(a) Outside counsel for the Parties in this litigation as well in-house attorneys, paralegals, assistants, stenographic and clerical employees working under the direct supervision of such counsel;

(b) All secretaries, legal assistants, and other employees or agents of outside counsel assigned to assist such counsel in this litigation;

(c) Court reporters who record deposition or other testimony in this litigation;

(d) Expert witnesses and/or consultants retained by the Parties or their counsel to assist in this litigation;

(e) Such employees, officers, or directors of the Parties as their counsel, in good faith, requires to provide assistance in this litigation, with disclosure only to the extent necessary to provide such assistance;

(f) Any witness or prospective witness in this action who does not meet the definition of (e), provided counsel for the disclosing Party believes in good faith that the witness or prospective witness is likely to have knowledge pertaining to the content of the Confidential Information to be disclosed, and only for purposes of testimony or preparation of testimony in this case, including deposition and affidavit testimony, and subject to the restrictions set forth in this Protective Order.  No copies of Confidential Information shall be given to such witness or potential witness for them to retain, unless agreed to in writing by the Parties in advance;

(g) Any mediator and/or arbitrator engaged to assist in the resolution of this litigation;

(h) Any other person as to whom the Parties agree in writing; and

(i) The Court, but only if filed under seal.

13. Except with the prior written consent of the producing Party or party or upon prior order of this Court obtained after sufficient notice to all counsel, or as provided in Paragraph 11 of this Protective Order, Attorneys' Eyes Only Information may be disclosed or made available only to the individuals listed in subparagraphs 12(a), (b), (c), (d), (g), (h), and (i) and to the extent necessary for the purpose of assisting in the prosecution or defense of this litigation.

14. Any person who is given access to Confidential Information or Attorneys' Eyes Only Information pursuant to subparagraphs 12(d), (f), (g), or (h) above shall, prior thereto, be provided with a copy of this Stipulated Protective Order and shall execute the acknowledgment form attached hereto as "Exhibit A." Counsel for each Party shall retain each such executed acknowledgement and shall produce said acknowledgements upon request after any such persons are designated as witnesses for trial or upon the final resolution of this action.

15. Persons receiving Confidential Information or Attorneys' Eyes Only Information pursuant to the terms of this Protective Order shall not reveal or discuss such information to or with any person who is not entitled to receive such information, as set forth in Paragraphs 12 and 14 above, and shall not use such information for any purpose other than for the prosecution or defense of this action.

16. If Confidential Information or Attorneys' Eyes Only Information is included in any papers to be filed with the Court, such papers shall be filed or otherwise submitted in accordance with the requirements of S.D. Ohio Local Rule 5.2.1.

17. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not prejudice in any way the right of a party to this Protective Order: (a) to seek a judicial determination of whether particular discovery material should be produced or, if produced, whether it should be subject to the terms of this Protective Order; (b) to interpose an objection to a request for

discovery on any ground; (c) to seek protection greater than that contained herein; or (d) to seek relief on notice from any provision of this Protective Order, either generally or as to any particular discovery material.

18. The production of all documents marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order shall not constitute a waiver by the producing Party or third-party of its right to refuse to produce such documents on any grounds in any other litigation. Confidential or Attorneys' Eyes Only Information shall be used solely for this litigation in which the Confidential or Attorneys' Eyes Only Information is produced and any related appeals and shall not be used for any other purpose whatsoever, including without limitation any other litigation. Nothing in this Protective Order shall restrict any Party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Confidential Information or Attorneys' Eyes Only Information.

19. This matter is also subject to a Data Privacy Order. (Exhibit B). The Data Privacy Order governs the designation and treatment of "Private Foreign Data," defined therein. The Data Privacy Order is incorporated herein by reference, and the procedures contained in the Data Privacy Order not explicitly addressed by this Protective Order shall control how Foreign Private Data shall be treated in this proceeding.

20. The provisions of this Protective Order shall remain in full force and effect after the termination of this action.

21. Upon termination of this action, all documents designated by either Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and all copies thereof shall be returned to counsel for the producing Party or third-party, or directly to a party if not represented, or destroyed no later than ninety (90) days after entry of final termination of this action. Counsel for the Parties

shall also destroy all summaries, analyses, or abstracts of confidential documents made by, at the direction of, or with the consent of counsel, or, alternatively, retain such documents in a manner so as to prevent their disclosure to unauthorized persons.

22. If for any reason this Protective Order is not entered as an Order of the Court, the terms of this Order shall, nevertheless, remain binding upon the Parties hereto.

23. This Court shall retain jurisdiction over this Protective Order and the Parties, their counsel, and those persons to whom the Confidential Information or Attorneys' Eyes Only Information was disclosed for the purposes of enforcing the terms of this Protective Order.

IT IS SO ORDERED this 31st day of July 2020.

*s/Thomas M. Rose

Honorable Thomas M. Rose
United States District Court Judge
Southern District of Ohio (Dayton)

APPROVED:

| | |
|---|---|
| */s/Amanda M. Fielder* | */s/Christine M. Haaker (w/consent)* |
| Martin A. Foos, Trial Attorney (0065762) | Christine M. Haaker, Trial Attorney (0063225) |
| GOTTSCHLICH & PORTUNE, LLP | Sean P. McCormick (0088281) |
| 201 East Sixth Street | Kelsey J. Mincheff (0097720) |
| Dayton, Ohio 45402 | THOMPSON HINE LLP |
| 937.913.0200 | Austin Landing I |
| Email: mfoos@gplawdayton.com | 10050 Innovation Drive, Suite 400 |
| | Miamisburg, OH 45342 |
| Michael G. Brady | Telephone: 937.443.6560 |
| Amanda M. Fielder (P70180) | Facsimile: 937.443.6635 |
| 150 Ottawa Ave., Ste. 1500 | Christine.Haaker@ThompsonHine.com |
| Grand Rapids, MI  49503 | Sean.McCormick@ThompsonHine.com |
| 616.752.2404 | Kelsey.Mincheff@Thompsonhine.com |
| Email: tmanganello@wnj.com | *Attorneys for Defendant Honeywell* |
|      mbrady@wnj.com | *International Inc* |
|      afielder@wnj.com | |
| *Counsel for Plaintiff/Counter-Defendant,* | |
| *Johnson Electric North America, Inc.* | |

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JOHNSON ELECTRIC NORTH AMERICA, INC., | * | **CASE NO. 3:19-cv-00146-TMR** |
| | * | **JUDGE THOMAS M. ROSE** |
| Plaintiff/Counter-Defendant | * | |
| v | * | |
| | * | |
| HONEYWELL INTERNATIONAL, INC., | * | |
| | * | |
| Defendant/Counter-Plaintiff. | * | |
| | * | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that I have received a copy of the Stipulated Protective Order entered in the above entitled action, and I agree to abide by the terms contained in it including, without limitation, that I shall use Confidential Information or Attorneys' Eyes Only Information only for the purpose of prosecuting or defending this litigation, or assisting counsel in prosecuting or defending this litigation, and shall not use Confidential Information or Attorneys' Eyes Only Information outside this litigation or for commercial benefit or competitive advantage. I shall return to counsel or destroy, at the earlier of the end of my involvement or the conclusion of the litigation, all Confidential Information or Attorneys' Eyes Only Information that has been provided to me and all copies thereof, and shall not make any copies of any documents containing Confidential Information or Attorneys' Eyes Only Information as defined in and protected by the Stipulated Protective Order.

Dated:_____

_____
Signature

_____
PRINT NAME

**EXHIBIT B**
**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – DAYTON**

| | | |
|---|---|---|
| JOHNSON ELECTRIC NORTH AMERICA, INC., | * * * | Civil Action No. 3:19-cv-00146-TMR |
| Plaintiff/Counter-Defendant | * | HON. THOMAS M. ROSE |
| v | * * | |
| HONEYWELL INTERNATIONAL, INC., | * * | |
| Defendant/Counter-Plaintiff. | * | |

**[PROPOSED] DATA PRIVACY ORDER**

Plaintiff/Counter-Defendant Johnson Electric North America, Inc. and Defendant/Counter-Plaintiff Honeywell International, Inc. stipulate and agree that the terms and conditions of this Data Privacy Order shall govern the handling of Foreign Private Data, as defined herein, disclosed in connection with this matter, and for good cause, IT IS HEREBY ORDERED AS FOLLOWS:

1. This matter is subject to a Stipulated Protective Order. (Exhibit A). The Protective Order governs the designation and treatment of "Confidential Information," defined therein. The Protective Order is incorporated herein by reference, and the procedures contained in the Protective Order not explicitly addressed by this Data Privacy Order shall control how Foreign Private Data shall be treated in this proceeding.

2. "Foreign Private Data" means any personal or private information that a producing party believes in good faith to be subject to foreign (i.e., non-U.S.) data protection laws or other foreign privacy obligations, and that would be protected from discovery by a well-founded conclusion that producing the private or personal information would violate such laws or obligations.

3. "Discovery Material" is all written material, electronic data, videotapes and all other tangible items, produced during this dispute, in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

4. Discovery Material that contains Foreign Private Data shall be subject to the protections set forth in the Protective Order for Discovery Material designated as Confidential Information, if it is not otherwise designated under that Protective Order. Material that a producing party considers to be Foreign Private Data shall be marked as such in addition to any other designation under the Protective Order.

5. Any producing party may redact from any Discovery Material any Foreign Private Data that the producing party claims in good faith is required to be redacted under any foreign data protection laws or foreign privacy obligations. Any redactions of Foreign Private Data shall be marked "Foreign Private Data" or "FPD." The producing party shall preserve an un-redacted version of each such Discovery Material. The producing party shall serve to the receiving party, within 14 days of production, a log that sets forth for each document withheld or any redaction made on a claim that it is required to do so under any foreign data protection law or foreign privacy obligation, (a) the nature of the basis for withholding the information, (b) the foreign data protection law or foreign privacy obligation the claim is based on, and (c) sufficient further information to allow the receiving party to assess the validity of the designation.

6. The receiving party shall maintain any Discovery Material that is provided under the Protective Order or under this Data Privacy Order and which contains Foreign Private Data that has not been redacted in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under the Protective Order, and shall further exercise the same

standard of due and proper care with respect to the storage, custody, use, or dissemination of such information as is exercised by the receiving party with respect to its own proprietary information.

7. Any person in possession of Discovery Material designated as Confidential, which contains Foreign Private Data that has not been redacted, shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such material, protect against any reasonably anticipated threats or hazards to the security of such material, and protect against unauthorized access to such material. To the extent a party or person does not have an information security program, they may comply with this provision by having such Discovery Material managed by or stored with eDiscovery vendors or claims administrators that maintain such an information security program.  If a receiving party discovers any loss of such material, or a breach of security, including any actual or suspected unauthorized access, that compromises the security of the producing party's Discovery Material, the receiving party shall:  (1) promptly provide written notice to the producing party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach; and (3) to the extent required by applicable law provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach.  The receiving party agrees to cooperate with the producing party in investigating any such security incident.  In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

8. All documents and materials filed on the Court's docket that contain Foreign Private Data that has not been redacted, including, inter alia, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings

that are comprised of or contain Foreign Private Data or information taken therefrom, shall be filed under seal.

9. The unintentional production of Discovery Material containing Foreign Private Data that has not been redacted shall not constitute a waiver of the protections authorized by this Order, or any other order of this Court, provided that the producing party reasonably promptly notifies the receiving party, in writing, of the production after its discovery of the same. If the producing party so notifies the receiving party, the receiving party shall treat the unintentionally produced Foreign Private Data as Confidential Information and apply the procedures set forth in the Protective Order.

10. This Order does not address how Discovery Material containing Foreign Private Data will be addressed at trial. The Parties may raise this issue in pre-trial motions.

11. The right to challenge and the process for challenging the designation or redactions of Foreign Private Data shall be the same as the right to challenge and the process for challenging Discovery Material designated as Confidential, as set forth in the Protective Order.

12. Entry of this Order shall not prejudice the right of any party to seek other or further relief from the Court, including, but not limited to, other protections necessary to produce Foreign Private Data or to comply with federal, state, or foreign data protection laws or other non-disclosure obligations.

**IT IS SO ORDERED.**

Date: _____

    Honorable Thomas M. Rose
    United States District Court Judge
    Southern District of Ohio (Dayton)

**STIPULATED:**

July 31, 2020            **GOTTSCHLICH & PORTUNE, LLP**
                         **Counsel for Johnson Electric**

                          */s/Amanda M. Fielder*
                          Martin A. Foos
                          Terry W. Posey, Jr.
                          GOTTSCHLICH & PORTUNE, LLP
                          201 East Sixth Street
                          Dayton, Ohio 45402
                          937.913.0200
                          Email:  tposey@gplawdayton.com
                                  mfoos@gplawdayton.com

                          Thomas Manganello
                          Michael G. Brady
                          Amanda M. Fielder (P70180)
                          900 Fifth Third Center
                          111 Lyon Street, NW
                          Grand Rapids, Michigan 49503
                          616.752.2404
                          Email:  tmanganello@wnj.com
                                  mbrady@wnj.com
                                  afielder@wnj.com

July 31, 2020            **THOMPSON HINE LLP**
                         **Counsel for Honeywell International**

                          */s/Christine Haaker*
                          Christine Haaker
                          Sean McCormick
                          Thompson Hine LLP
                          Austin Landing I
                          10050 Innovation Drive
                          Suite 400
                          Dayton, OH 45342-4934
                          937-443-6822
                          Fax: 937-443-6635
                          Email:Christine.Haaker@ThompsonHine.com

5